# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA BRADSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-02174-SHM |
| | ) | |
| PRINCIPAL FINANCIAL GROUP d/b/a | ) | |
| PRINCIPAL LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are two motions: (1) Defendant Principal Financial Group's Partial Motion to Dismiss Plaintiff's Complaint and to Strike Plaintiff's Jury Demand ("Partial Motion to Dismiss"), filed on May 15, 2017 (ECF No. 10); and (2) Plaintiff Patricia Bradshaw's Motion to Amend Complaint, filed on June 12, 2017 ("Motion to Amend") (ECF No. 15). Defendant responded to Plaintiff's Motion to Amend on June 26, 2017.

For the reasons discussed below, Defendant's Partial Motion to Dismiss and Plaintiff's Motion to Amend are RESERVED pending filing of Plaintiff's proposed amendment.

I.  **Background**

Defendant issued long-term disability insurance coverage (the "Plan") to Plaintiff through her employer.  (ECF No. 1 at

2.)[1]  On or about June 3, 2005, Plaintiff was diagnosed with malignant, metastatic melanoma.  (Id.)  Because of her illness, Plaintiff stopped working on August 8, 2005.  (Id.)

Plaintiff began receiving long-term disability benefits from Defendant under the Plan on or around November 9, 2005.  (Id.)  Defendant also helped Plaintiff receive Social Security Disability Income ("SSDI benefits"), hiring a lawyer and helping Plaintiff obtain records.  (Id. at 3; ECF No. 15 at 119.)  Defendant informed Plaintiff that, if Plaintiff received SSDI benefits, the amount she received from Defendant under the Plan would be reduced.  (ECF No. 1 at 3.)  Plaintiff began receiving SSDI benefits before October 20, 2006.[2]  Plaintiff mailed Defendant a check for $11,439.76 to compensate Defendant for the overpayment of long-term disability benefits on October 20, 2006.  (See ECF No. 1 at 3; ECF No. 1-3 at 63.)

Plaintiff's SSDI benefits were terminated on May 2, 2013.  (ECF No. 1 at 3)  Defendant paid Plaintiff's attorney to appeal the termination of Plaintiff's SSDI benefits.  (Id.)  Defendant's representatives told Plaintiff that, if she did not begin

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

[2] The record does not show when Plaintiff began receiving SSDI benefits.  Plaintiff represents, and Defendant does not dispute, that she mailed Defendant a check for overpayment of long-term disability benefits "[a]fter Plaintiff was approved for SSDI benefits."  (ECF No. 1 at 3.)  Plaintiff mailed the check on October 20, 2006.  (ECF No. 1-3 at 63.)

2

receiving SSDI benefits again, her long-term disability benefits would be increased to the amount Plaintiff had received before receiving SSDI benefits. (Id.) Plaintiff began receiving SSDI benefits again on or about September 26, 2014. (Id.)

On October 20, 2014, Defendant sent Plaintiff a letter informing her that her long-term disability benefits were being terminated. (Id.; ECF No. 1-4 at 64.) Defendant's letter stated that Plaintiff "no longer [met] the definition of Disability beyond 10/9/2014." (ECF No. 1-4 at 64.)

On March 14, 2017, Plaintiff filed her Complaint. (ECF No. 1.) The Complaint alleges that Defendant's termination of Plaintiff's long-term disability benefits violated the Employer Retirement Income and Security Act of 1974 ("ERISA") and breached a contract between Plaintiff and Defendant. (Id. at 5-6.) On May 15, 2017, Defendant filed the Partial Motion to Dismiss. (ECF No. 10; see also ECF No. 11.) On June 12, 2017, Plaintiff filed the Motion to Amend. (ECF No. 15.) Defendant responded to Plaintiff's Motion to Amend on June 26, 2017. (ECF No. 16.)

**II. Standard of Review**

    **a. Rule 12(b)(6)**

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the

3

plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555.) Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

**b. Rule 15(a)**

Federal Rule of Civil Procedure 15(a)(2) states that a Court should give leave to amend a pleading freely "when justice so requires."

> In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

4

> allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should . . . be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989).

"[A] motion for leave to amend must state with particularity the grounds for amendment." Patterson v. Novartis Pharms. Corp., 451 F. App'x 495, 499 (6th Cir. 2011); see also Evans v. Pearson Enters., Inc., 434 F.3d 839, 853 (6th Cir. 2006) (same). "[T]he court must have before it the substance of the proposed amendment" to determine whether "justice so requires." Roskam Baking Co. v. Lanham Mach. Co., 288 F.3d 895, 906 (6th Cir. 2002).

**III. Analysis**

Plaintiff has not provided the substance of her proposed amendment. Plaintiff claims that her Motion to Amend should be granted so that she can "restate her allegations of breach of contract based upon Defendant's oral assurances, separate and in addition to the Plan." (ECF No. 15 at 210.) That is not sufficient. Absent a proposed amended complaint, the Court cannot determine whether Plaintiff's Motion to Amend is proper under Rule 15(a)(2). Plaintiff must file her proposed amendment by October 30, 2017.

The Court reserves its determination on Defendant's Partial Motion to Dismiss until the proposed amendment has been filed.

**IV. Conclusion**

For the foregoing reasons, Defendant's Partial Motion to Dismiss and Plaintiff's Motion to Amend are RESERVED pending filing of Plaintiff's proposed amendment.

So ordered this 18th day of October, 2017.

<u>/s/ Samuel H. Mays, Jr.</u>
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE