# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **PATRICIA BRADSHAW,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-CV-02174-SHM |
| | ) |
| **PRINCIPAL FINANCIAL GROUP d/b/a** | ) |
| **PRINCIPAL LIFE INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are four motions: (1) Defendant Principal Financial Group's Partial Motion to Dismiss Plaintiff's Complaint and to Strike Plaintiff's Jury Demand ("Motion to Dismiss I"), filed on May 15, 2017 (ECF No. 10; see also ECF No. 11); (2) Plaintiff Patricia Bradshaw's Motion to Amend Complaint ("Motion to Amend"), filed on June 12, 2017 (ECF No. 15); (3) Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint and to Strike Plaintiff's Jury Demand ("Motion to Dismiss II"), filed on November 10, 2017 (ECF No. 24; see also ECF No. 25); and (4) Joint Motion to Stay Related to ECF Nos. 24, 25, and 26 ("Joint Motion to Stay"), filed on December 4, 2017 (ECF No. 27).

For the reasons discussed below, Defendant's Motion to Dismiss I is GRANTED, Plaintiff's Motion to Amend is DENIED, and

Defendant's Motion to Dismiss II and the Joint Motion to Stay are DENIED AS MOOT.

**I. Background**

Defendant issued long-term disability insurance coverage (the "Plan") to Plaintiff through her employer. (ECF No. 1 at 2.)[1] On or about June 3, 2005, Plaintiff was diagnosed with malignant, metastatic melanoma. (Id.) Because of her illness, Plaintiff stopped working on August 8, 2005. (Id.)

Plaintiff began receiving long-term disability benefits from Defendant under the Plan on or around November 9, 2005. (Id.) Defendant also helped Plaintiff receive Social Security Disability Income ("SSDI benefits"), hiring a lawyer and helping Plaintiff obtain records. (Id. at 3; ECF No. 15 at 119.) Defendant informed Plaintiff that, if Plaintiff received SSDI benefits, the amount she received from Defendant under the Plan would be reduced. (ECF No. 1 at 3.) Plaintiff began receiving SSDI benefits before October 20, 2006.[2] On October 20, 2006, Plaintiff mailed Defendant a check for $11,439.76 to compensate

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

[2] The record does not show the date Plaintiff began receiving SSDI benefits. Plaintiff represents, and Defendant does not dispute, that Plaintiff mailed Defendant a check for overpayment of long-term disability benefits "[a]fter Plaintiff was approved for SSDI benefits." (ECF No. 1 at 3.) Plaintiff mailed the check on October 20, 2006. (ECF No. 1-3 at 63.)

2

Defendant for the overpayment of long-term disability benefits. (See ECF No. 1 at 3; ECF No. 1-3 at 63.)

Plaintiff's SSDI benefits were terminated on May 2, 2013. (ECF No. 1 at 3). Defendant paid Plaintiff's attorney to appeal the termination of Plaintiff's SSDI benefits. (Id.) Defendant's representatives told Plaintiff that, if she did not begin receiving SSDI benefits again, her long-term disability benefits would be increased to the amount Plaintiff had received before receiving SSDI benefits. (Id.) Plaintiff began receiving SSDI benefits again on or about September 26, 2014. (Id.)

On October 20, 2014, Defendant sent Plaintiff a letter informing her that her long-term disability benefits were being terminated. (Id.; ECF No. 1-4 at 64.) Defendant's letter said that Plaintiff "no longer [met] the definition of Disability beyond 10/9/2014." (ECF No. 1-4 at 64.)

On March 14, 2017, Plaintiff filed her Complaint. (ECF No. 1.) The Complaint alleges that Defendant's termination of Plaintiff's long-term disability benefits violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA") and breached a contract between Plaintiff and Defendant. (Id. at 5-6.) On May 15, 2017, Defendant filed Motion to Dismiss I. (ECF No. 10; see also ECF No. 11.) On June 12, 2017, Plaintiff filed the Motion to Amend. (ECF No. 15.) De-

3

fendant responded to Plaintiff's Motion to Amend on June 26, 2017. (ECF No. 16.)

On October 18, 2017, the Court entered an Order Reserving Defendant's Motion to Dismiss I and Plaintiff's Motion to Amend pending filing of Plaintiff's proposed amendment. (ECF No. 22.) The Court ordered Plaintiff to file her proposed amendment by October 30, 2017. (Id. at 152.)

On October 27, 2017, Plaintiff filed her First Amended Complaint. (ECF No. 23.) Although styled an amended complaint, the document is a proposed amended complaint. On November 10, 2017, Defendant filed its Motion to Dismiss II. (ECF No. 24; see also ECF No. 25.)

On December 4, 2017, the parties filed the Joint Motion to Stay. (ECF No. 27.) The Joint Motion to Stay asks the Court "to stay any response due from Plaintiff to the motion filed by the Defendant . . . until such time as the Court rules [on Plaintiff's Motion to Amend]." (Id. at 313-14.)

## II. Standard of Review

### A. Rule 12(b)(6)

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523,

527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555.) Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

**B. Rule 15(a)**

Federal Rule of Civil Procedure 15(a)(2) provides that a Court should give leave to amend a pleading freely "when justice so requires."

> In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should . . . be "freely given."

5

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989).

**III. Analysis**

**A. Motion to Amend**

Plaintiff's proposed amended complaint asserts a claim under ERISA. (ECF No. 23 at 169.) Plaintiff's proposed amended complaint also brings a state law claim for breach of contract. (Id. at 169-70.) Defendant contends that Plaintiff's motion to amend her complaint must be denied as futile because Plaintiff's breach of contract claim is preempted by ERISA. (ECF No. 11 at 88-89.)

ERISA provides a uniform regulatory regime governing employee benefit plans and includes expansive preemption provisions intended to ensure that employee benefit plan regulation is "exclusively a federal concern." Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981). The express preemption clause provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "A law relates to an employee benefit plan 'if it has a connection with or reference to such a plan.'" Crabbs v. Copperweld Tubing Products Co., 114 F.3d 85, 90 (6th Cir. 1997) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 87 (1983)). A law has a connection with an

6

employee plan under ERISA "'even if the law is not specifically designed to affect such plans, or the effect is only indirect, and even if the law is consistent with ERISA's substantive requirements.'" Thiokol Corp. v. Roberts, 76 F.3d 751, 754 (6th Cir. 1996) (quoting District of Columbia v. Greater Wash. Bd. of Trade, 506 U.S. 125, 130 (1992)).

Plaintiff's breach of contract claim has a connection with or reference to the Plan. Plaintiff's proposed amended complaint alleges "that the long-term benefit policy purchased by Plaintiff's employer, on her behalf, from Defendant, along with the oral assurances and promises of the Defendant and/or its employees, agents, and/or representatives, constitutes a contract which the Defendant has breached." (ECF No. 23 at 170.) That claim is "at the very heart of issues within the scope of ERISA's exclusive regulation and, if allowed, would affect the relationship between plan principals by extending coverage beyond the terms of the plan." Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991) (dismissing as preempted by ERISA a breach of contract claim based on alleged oral assurances of coverage); see Huisjack v. Medco Health Solutions, Inc., 492 F. Supp. 2d 839, 849 (S.D. Ohio 2007) ("[C]ourts have repeatedly held that a breach of contract claim against an insurer arising out of a denial for benefits is essentially a claim for benefits under ERISA and should be charac-

7

terized as such."); Johnson v. Decor Fabrics, Inc., 250 F.R.D. 323, 329-30 (M.D. Tenn. 2008) ("On numerous occasions, the Sixth Circuit has found breach of contract claims to be preempted by ERISA."); Ackerman v. Fortis Benefits Ins. Co., 254 F. Supp. 2d 792, 818 (S.D. Ohio 2003) (finding that a "claim for breach of contract, in which [plaintiff] alleges that [defendant] 'breached its obligations to [plaintiff] under the terms of the policy, without any justifiable reason for such breach'" was preempted by ERISA).

Plaintiff's proposed amended complaint fails to state a claim for breach of contract. The proposed amended complaint would be futile. See Riverview Health Inst., LLC v. Medical Mut. Of Ohio, 601 F.3d 505, 512 (6th Cir. 2010) (holding that an amendment is futile if it cannot withstand a motion to dismiss under Rule 12(b)(6)). Plaintiff's Motion to Amend is DENIED. Defendant's Motion to Dismiss I is GRANTED insofar as it seeks to dismiss Plaintiff's claim for breach of contract. Defendant's Motion to Dismiss II and the Joint Motion for Stay are DENIED AS MOOT.

**B. Motion To Strike Plaintiff's Jury Demand**

Plaintiff requests a jury trial. (ECF No. 1 at 6.) Defendant contends that "[t]he Sixth Circuit . . . has routinely held that plaintiffs are not entitled to a jury trial pursuant to the provisions of ERISA." (ECF No. 11 at 89.) "Accordingly,

8

Plaintiff has no right to a jury trial in the present case." (Id.)

ERISA does not address the right to a jury trial. The Sixth Circuit has held that ERISA claims are equitable and thus not eligible for a jury trial. See Wilkins v. Baptist Healthcare Sys., 150 F.3d 609, 616 (6th Cir. 1998); Bair v. General Motors Corp., 895 F.2d 1094, 1096 (6th Cir. 1990). Plaintiff is not entitled to a jury trial under ERISA.

The Seventh Amendment does not guarantee Plaintiff the right to a jury trial. It provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Seventh Amendment right to a jury trial applies only when the relief sought is legal rather than equitable. Chauffeurs, Teamsters, and Helpers, Local 391 v. Terry, 494 U.S. 558, 565 (1990). The Sixth Circuit has decided that "the Seventh Amendment does not guarantee a jury trial in ERISA . . . cases." Reese v. CNH Am. LLC, 574 F.3d 315, 327 (6th Cir. 2009).

Plaintiff is not entitled to a jury trial on her ERISA claim. Defendant's Motion to Dismiss I is GRANTED insofar as it seeks to strike Plaintiff's jury demand.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss I is GRANTED, Plaintiff's Motion to Amend is DENIED, and Defend-

ant's Motion to Dismiss II and the Joint Motion to Stay are DENIED AS MOOT.

So ordered this 20th day of December, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE